Bradley R. Helsten, Esq. UT#5878
ZUMPANO PATRICIOS
WINKER & HELSTEN, LLC
2061 E. Murray Holladay Rd.
Holladay, Utah 84117
(801) 478-5899
bhelsten@zpwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTONIO CABALLERO,,<br><br>Plaintiff,<br>v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; EJERCITO DE LIBERACION NACIONAL a/k/a ELN a/k/a NATIONAL LIBERATION ARMY; and THE NORTE DE VALLE CARTEL,<br><br>Defendant(s) | COMPLAINT<br><br>Case No. _____<br><br><br>District Judge _____ |

## COMPLAINT

COMES NOW the Plaintiff, ANTONIO CABALLERO ("Plaintiff"), and files this action on a judgment to domesticate the Final Judgment rendered against the Defendants, FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a/ FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA ("FARC"); EJERCITO DE LIBERACION NACIONAL a/k/a ELN a/k/a NATIONAL LIBERATION ARMY ("ELN"); and THE NORTE DE VALLE CARTEL, a/k/a NDVC, a/k/a North Valley Cartel ("NDVC"), in the

1

Eleventh Judicial Circuit Court in an for Miami-Dade County, Florida, case number 12-48803-CA-02, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to enforce a prior Florida state court final judgment.

2. Plaintiff brought this action against Defendants, FARC, ELN and NDVC, arising out of (among other things) the Defendants' extra-judicial kidnapping, torture and killing of Plaintiff's father for the purpose of facilitating the trafficking and distribution of illicit drugs throughout the United States.

3. A default was entered against all three Defendants for failing to appear or respond to the complaint. On November 18, 2014, after a trial before the Honorable Lisa S. Walsh, the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court"), in Case No. 12-48803-CA-02, entered a final judgment ("Final Judgment") on all counts against all Defendants, jointly and severally, in favor of the Plaintiff. A certified copy of the Final Judgment is attached hereto as **Exhibit 1**.

4. The Florida State Court's Final Judgment included the judicially awarded amounts as follows:

   a. $45,000,000.00 for actual compensatory damages for non-economic damages, including, without limitation, for emotional distress and for physical and psychological pain and suffering.

   b. $5,189,001.00 for trebled actual compensatory economic damages to Plaintiff for losses to his business and property.

   c. $140,189,001.00 for punitive damages, which is equal to three times the Court's award of base actual compensatory damages.

   d. Prejudgment interest in the amount $1,055,483.56.

2

5.      Plaintiff in this action seeks the benefit of the Full Faith and Credit Clause of Article IV, Section 1 of the United States Constitution, as implemented by 28 U.S.C. § 1738, with respect to Plaintiff's Florida State Court Final Judgment, that such judgment be recognized by this Court, so that Plaintiff may utilize the facilities of federal law to enforce the Final Judgment.  Plaintiff expects to proceed against assets located in Utah pursuant to the Terrorism Risk Insurance Act of 2002, 116 Stat. 2322, 107 P.L. 297, 116 Stat. 2322 ("TRIA"), and to take discovery as to assets owned by the Defendants or their agencies and instrumentalities.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 USC § 1738 as this is an action on a judgment for full faith and credit to enforce a state court judgment.  Section 1738 provides for the admission of acts, records and judicial proceedings of any state, and that "[s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 USCS § 1738.  Full faith and credit should be granted because the Florida State Court adjudicated the Final Judgment, which was not appealed at the state court level, and the time for appeal has passed.  Thus, the Final Judgment is *res judicata* and is owed the same full faith and credit in every court of these United States and its territories.[1]

---

[1] The Final Judgment was collaterally attacked in post-judgment garnishment proceedings, which included attacks as to both the Florida Court's personal jurisdiction over the Defendants and the Florida Court's subject matter jurisdiction.  The attacks on the Final Judgment were rejected by the trial court, which also entered a turnover judgment.  The trial court's rulings were affirmed (per curiam) on appeal by the Florida Third District Court of Appeal.  For purposes of a full faith and credit analysis by this court, "It has long been the rule that principles res judicata apply to jurisdictional determinations -- both subject matter and personal." Thus, "'a judgment is entitled to full faith and credit -- even as to questions of jurisdiction -- when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the

7.     This Court has personal jurisdiction over the Defendants pursuant to Utah Code Ann. §78B-3-205, because the Defendants, through their agents and representatives, transacted business in this State and caused injury in this State, by their criminal activity and operations trafficking millions of dollars of illicit drugs into the United States for distribution throughout the United States.  Agents of the Defendants transported illicit drugs into and through Utah, as a major transshipment point of their trafficking of illegal drugs throughout the United States.[2]  As held by the Florida State Court, this cause involves violations of law that were part of, and inextricably tied to, a scheme to establish and expand routes to traffic illegal drugs into and throughout the United States, for sale to consumers in the United States.  Defendants' vicious and vile acts against the Plaintiff and his family were a necessary component part of this scheme.  Thus, the United States, including Utah, was directly affected by the Defendants' actions as alleged in the Second Amended Complaint, as the ultimate result of its operations were the trafficking of illegal narcotics in the United States.[3]

---

court which rendered the original judgment.'" *Weininger v. Castro*, 462 F. Supp. 2d 457, 472 (S.D.N.Y. 2006) (citations omitted).

[2] *See, e.g.*, "Drugs Blaze New Path, Chicago Tribune, September 12, 1989, discussing (inter alia) how illicit drugs trafficked by the Cali Cartel (an agent and instrumentality of Defendants) were transported into and through Utah as part of a scheme to distribute such drugs throughout the United State. http://articles.chicagotribune.com/1989-09-12/news/8901120333_1_cocaine-couriers-hubs/2

[3] The complaint and Final Judgment rendered thereon by the Florida Court were premised upon, *inter alia*, Federal RICO, which allows nationwide service of process. *Cory v. Aztec Steel Building, Inc.,* 468 F.3d 1226, 1230 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 2134 (2007). Therefore, the inquiry as to personal jurisdiction arguably "focuses on the defendants' contacts with the entire United States, not just the forum state." *Madanes v. Madanes*, 981 F. Supp. 241, 260 (S.D.N.Y. 1997). "Thus, due process requires only that the defendants had minimum contacts with the United States. *Id.* In the case of a defendant not present in the jurisdiction, such contacts may be demonstrated by: (1) doing business in the United States; (2) doing an act in the United States; or (3) causing an effect in the United States by an act done elsewhere." *Id.*

4

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because defendants reside in this judicial district and all defendants are residents of this State. Defendants were held by the Florida State Court to be partnerships under Florida law. Under Utah Code § 48-1d-307(1), "[a] partnership may sue and be sued in the name of the partnership." Defendants are therefore "entities with the capacity to sue and be sued in their common names under applicable law," and thus are "deemed to reside … in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Alternatively, Rule 17(b)(3)(A) of the Federal Rules of Civil Procedure provides for capacity to sue an unincorporated organization or partnership that does not otherwise have capacity in the law of the state, in order to "enforce a substantive right existing under the United States constitution or laws."[4]  In other words, Rule 17(b) provides for the capacity to sue an unincorporated organization in claims asserting a federal question. *See Sisso v. Islamic Republic of Iran, et al.,* 448 F. Supp. 2d 76 (D.D.C. 2006)(where the federal claims asserted in federal court against the Defendant, a foreign militia and unincorporated organization, such claim fell within the 17(b) exception).

## COUNT I – ACTION ON JUDGMENT

9. Paragraphs 1 through 8 are fully incorporated herein.

10. A final judgment has been entered in Plaitniff's favor, to wit: the Final Judgment.

11. To date, the Plaintiff has collected $919,032.98 of the Final Judgment entered in his favor by the Florida State Court on November 18, 2014. Thus, the remainder of the Final Judgment remains due, plus interest.

---

[4] Fed. R. Civ. P. 17(b)(3)(A) states in part: "a partnership or other unincorporated association may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws."

5

12. The Plaintiff has filed this action to enforce the Final Judgment in order to commence execution proceedings in this, or any other, federal district court of the United States, against the Defendants Fuerzas Armadas Revolucionarias De Colombia a/k/a FARC-EP a/k/a Revolutionary Armed Forces of Colombia, the Ejercito De Liberacion Nacional a/k/a ELN a/k/a National Liberation Army, and the Norte De Valle Cartel, and/or their agents and their instrumentalities.

13. The phrase "agents and instrumentalities" is used in accordance with the plain meaning of the terms as commonly used, and in accordance with the definition of "agents and instrumentalities" used by the Court in *Stansell vs. the FARC*, 2011 U.S. Dist. LEXIS 158941 *10-12 (M.D. Fla. 2011), and also to include (without limitation) the entities and persons listed on Exhibit E- AAA in the Final Judgment. Consistent with the plain and common meaning of the phrase and the definition set forth in *Stansell*, "agents and instrumentalities" as used in Section 201 of TRIA, means any organization, association, cartel, corporation, entity, affiliate, principal, member, family member, representatives, group and/or individual, that:

1. Materially assisted in, or provided financial or technological support for or to, or provided goods or services in support of, the international narcotics trafficking activities of a terrorist party; and/or

2. Was owned, controlled, or directed by, or acting for or on behalf of a terrorist party; and/or

3. Played a significant role in international narcotics trafficking related to a terrorist party.

14. "Agents and instrumentalities" also includes any organization, association, cartel, corporation, entity, affiliate, principal, member, family member, representatives, group and/or individual, that:

    1. Has ever supplied currency, weapons, ammunition, logistics, transportation, or supplies and/or financial or money laundering services to the terrorist party or its trafficking partners, directly or indirectly, as consideration for a terrorist party's illicit drugs; or

    2. Was involved with the financial or money laundering network of a drug cartel or organization that assisted the terrorist party's financial or money laundering network; or

    3. Have been narcotics traffickers who assisted and provide financial or technological support for or to, or who provide goods or services in support of, or who act on behalf of the international narcotics trafficking activities of a specially designated narcotics trafficker or terrorist party.

15. Further, "agents and instrumentalities" include any of Defendants' associations, cartels, corporations, entities, affiliates, principals, members, family members, representatives, groups, and/or individuals that were involved with or assisted in the: (i) purchase transportation, smuggling, storage, security, distribution, and/or sale of cocaine, coca paste, narcotics, kidnapping, torture, killing, extortion, and/or other unlawful/illegal activities; (ii) the arrangement of front/sham corporations, entities, and/or organizations, including without limitation, those commonly known as "Presta Nombres;"[5] and/or (iii) in the assistance in laundering money and/or

---

[5] The act of placing of property, money, and/or other items of value, including in or related to, affiliated corporations and/or entities, and/or corresponding assets of such corporations and/or entities (the "Valuables") in the names of others and/or their organizations, associations, cartels,

7

financial concealment schemes and/or financial concealment networks. Any such agents and instrumentalities that did so acting with or on behalf of: (i) the FARC, are also agents and instrumentalities of the ELN and NDVC; (ii) the ELN, are also agents and instrumentalities of the FARC and NDVC; and/or (iii) the NDVC, are also agents and instrumentalities of the FARC and ELN; wherever situated. *See* Florida State Court Final Judgment, November 18, 2014 and TRIA, 116 Stat. § 2322, 107 P.L. 297, 116 Stat. §322.

16.   Pursuant to 28 U.S.C. § 1738, records of the judicial proceedings of any state court "shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."

17.   Judgment in favor of Plaintiff is warranted as this Court is required to give full faith and credit to the Florida State Court Final Judgment pursuant to 28 U.S.C. § 1738 ("Such Acts, records and judicial proceedings [of any State] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.")  *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 462-63 (1982) ("As one of its first acts, Congress directed that all United States courts afford the same full faith and credit to state court judgments that would apply in the State's own courts."); *see generally Durfee v. Duke*, 375 U.S. 106, 109 (1963) ("Full faith and credit thus generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it.").

---

corporations, entities, affiliates, principals, members, family members, representatives, groups, and/or individuals are commonly referred to as "Presta Nombres." *See* Florida State Court Final Judgment *generally.*

18.     The Plaintiff is entitled to post-judgment interest from the date of the Final Judgment dated November 18, 2015, through the date of entry of this Court's judgment. Such interest is to be calculated at a post-judgment interest at the rate of 4.75% per annum. *See* Florida State Court Final Judgment.

WHEREFORE, the Plaintiff respectfully request that this Court enter judgment in the favor of the Plaintiff, recognizing and giving full faith and credit to the Final Judgment, and awarding the Plaintiff damages in the amounts of the Final Judgment, and post-judgment interest, and any other relief this Court deems just and proper.

DATED this 24th day of April, 2017.

Respectfully submitted,

*/s/ Bradley R. Helsten*
Bradley R. Helsten, Esq.
Zumpano, Patricios, Winker & Helsten, LLC
2061 East Murry Holladay Rd.
Holladay, UT 84117
801-478-5899
bhelsten@zpwlaw.com