## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>      Plaintiff,<br><br>v.<br><br>FUERZAS ARMADAS REVOLUCION-<br>ARIAS DE COLOMBIA, a/k/a FARC-EP<br>a/k/a REVOLUTIONARY ARMED<br>FORCES OF COLOMBIA, *et al.*,<br><br>      Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING MOTION FOR A<br>PROTECTIVE ORDER<br><br><br>Case No.  2:17-cv-00315-CW<br><br>Hon. Clark Waddoups |

Before the court is Antonio Caballero's "Motion for Protective Order" (the "Motion").  [ECF No. 52.]  For the reasons discussed below, the Motion is DENIED.

### BACKGROUND

Included with the Motion is a proposed protective order.  [See ECF No. 52-1.] Also included is a proposed subpoena to produce documents that Mr. Caballero intends to serve on non-party the Office of Foreign Assets Control of the U.S. Department of the Treasury (the "OFAC").  [*See* ECF No. 52-1.]  Pursuant to Federal Rule of Civil Procedure 45, the proposed subpoena seeks the production of several categories of documents from the OFAC, which is located in Washington, D.C., and commands their production at Mr. Caballero's attorney's law firm office in Coral Gables, Florida.  [*Id.*]  The proposed subpoena is styled as having been issued from this court and in connection with this action.  [*See id.*]

In the Motion, Mr. Cabellero asserts that the proposed subpoena was sent to the OFAC on July 25, 2025.  [*See* ECF No. 52 at 2.]  The proposed subpoena is similar to three other subpoenas for documents that were issued in this action, and either were served on or were to be served on the OFAC.  [*See* ECF Nos. 19-1, 42-1, 48-1.]  In each of these three prior instances, the OFAC filed a motion for a protective order under Federal Rule of Civil Procedure 26(c) that the court granted. [*See* ECF Nos. 24, 43, 51.]

Unlike that prior practice, here Mr. Caballero, the person seeking the documents, rather than the OFAC, the non-party from whom the documents were sought, filed the Motion seeking a protective order.  He invokes Federal Rule of Civil Procedure 26(c) and argues that good cause exists to support issuance of the proposed protective order.  [*See* ECF No. 52 at 2–4.]  He also asserts that the OFAC informed him that it is only willing to produce documents pursuant to the proposed subpoena if a protective order is entered and that the OFAC has no objection to the Motion.  [*See* ECF No. 52 at 1–2.]

ANALYSIS

Having issued similar protective orders three times in this very action governing the production of documents by the OFAC pursuant to similar subpoenas, the court acknowledges that good cause may exist to again issue a protective order. The problem, however, is that the court lacks jurisdiction to do so.

Rule 45(a)(2) requires subpoenas to issue from "the court where the action is pending."  FED. R. CIV. P. 45(a)(2) (emphasis added.)  After reviewing the docket in

this action, it is now apparent that there is no action pending in this court.[1] Specifically, Mr. Caballero voluntarily dismissed his action in its entirety on September 9, 2022.  [*See* ECF No. 45].  The court subsequently entered a judgment dismissing the action without prejudice and closing the case on October 3, 2022. [*See* ECF No. 46.]  There is nothing in the record to show that the court retained jurisdiction over any post-judgment or collections action.  Thus, there is no longer any "pending" action in this court that permits the issuance of this subpoena and, in turn, gives this court jurisdiction over the issuance of a protective order.  *Cf. Blair v. Wills*, 112 F. App'x 546, 547 (8th Cir. 2004) (dismissing appeal on a motion to quash as moot because the case in which the subpoena was issued was no longer pending); *Scotton v. Johns*, No. 5:15-CV-95, 2015 WL 9915939, at *1 (S.D. Ga. Dec. 4, 2015) (recognizing that court is without jurisdiction to address motion related to subpoena that was not issued in a pending action) (citing cases); 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2457, at 420 (3d ed. 2008) ("A subpoena under Rule 45 may issue only in aid of a pending action….").

A review of Rule 26(c) compels the same conclusion.  Under Rule 26(c)(1) only "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is <u>pending</u>."  FED. R. CIV. P. 26(c)(1) (emphasis added).  Because there is no action pending in this court, the court may not issue the requested protective order.  *Cf. In re Rum Mktg. Int'l, Ltd.*, No. 07–

---

[1]    Nor has Mr. Caballero asserted that there is any action pending in any other federal court.

21466–MC, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) ("Here, however, there is no pending case before another federal court that has subject matter jurisdiction over the parties and the litigation.  Consequently, there is no jurisdiction purely under the provisions of Rules 26 or 45 for counsel for [one party] to issue a Rule 45 subpoena, nor any jurisdiction for counsel for [the other party] to move to quash that subpoena"); 8A Charles Alan Wright, Arthur R. Miller & Ricard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2035 (3d ed. 2010) ("A motion for a protective order may be made in the court in which the action is pending.").

Although the court is aware that it previously signed a similar protective order after the voluntarily dismissal had been entered [*see* ECF No. 51 (signed March 17, 2025)], the fact remains that the court lacks jurisdiction to entertain the present Motion to enter the proposed protective order.[2]

## CONCLUSION

Accordingly, for the reasons discussed above, Mr. Caballero's Motion [ECF No. 52] is DENIED.

DATED this 15th day of May 2026.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[2] As noted by the Tenth Circuit in an appeal arising out of this very case, "'[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.'" *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted)).